UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/ GREENWOOD DIVISION

| | | |
|---|---|---|
| Calvin Wayne Harris, Jr., #313035, | ) | |
| | ) | Civil Action No. 8:08-22-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| SCDC; Mr. Warden Robert | ) | |
| Stevenson, III, Warden, BRCI; | ) | |
| Ms. J. Montgomery, Grievance | ) | |
| Coordinator, BRCI; Ms. Linda | ) | |
| Dunlap, SCDC Medical Director; | ) | |
| Dr. J. Alewine, SCDC Head | ) | |
| Physician; Ms. Audrey | ) | |
| Daniels-Moore, DHO at | ) | |
| BRCI; and Sgt. Copeland, BRCI, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on August 28, 2008 and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. The plaintiff brought this action on January 3, 2008, seeking damages for alleged civil rights violations. On April 7, 2008, the defendants filed a motion for summary judgment. By order filed April 8, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff responded on August 1, 2008. In an August 28, 2008 Report and Recommendation the

magistrate recommended granting the plaintiffs motion for summary judgement process. For the reasons stated herein, the Court adopts the magistrate's Report and Recommendation.

## Standard of Review

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91,94 n.4 (4th Cir. 1984);

*Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

The plaintiff's response to the magistrate's Report and Recommendation, even when liberally construed, does not meet this standard. Instead of identifying specific portions of the Magistrate's Report and Recommendation, the plaintiff merely lists six issues on which he and the defendants disagree. Furthermore, each of these six topics was either raised in some form by the plaintiff in his response to the defendant's motion for summary judgement and has been properly addressed by the magistrate. Accordingly, *de novo* review of the magistrate's recommendation is unnecessary.

## Conclusion

After a review of the magistrate's Report and Recommendation, applicable case law, and the record, this Court finds that the magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the Defendant's motion for summary judgement be granted.

IT IS SO ORDERED.

 

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

October 15, 2008

### NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, you have the right to appeal this Order within thirty (30) days from the date of its entry.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**